[Crim. No. 2080. Second Appellate District, Division One.—November 20, 1931.]

THE PEOPLE, Respondent, v. ROBERT COLLINS, Appellant.

W. Frank Shelley for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

CONREY, P. J.—By information filed, appellant and one Evans were accused of two robberies. At the trial they were acquitted on the first count and convicted on the second. Defendant Collins appeals from the judgment and from an order denying his motion for a new trial. The evidence leaves no doubt that, at the stated time and place, in the city of Los Angeles, two men forcibly took from the person of the prosecuting witness Allaire the sum of $55.

The witness Allaire identified appellant Collins in the most positive manner. Collins denied his guilt, and denied that he was in the city of Los Angeles at the time when the robbery occurred. He testified that at that time, October 4, 1930, he was in the city of Oakland. Other witnesses testified to having seen Collins in the city of Oakland early in October; and at least one of them definitely fixed the date as October 4, when he saw appellant at Oakland. On this conflicting evidence, plus circumstantial evidence, the jury found against appellant, and the finding must stand approved.

 The first two assignments of error relate to the admission of evidence to which appellant objected. This evidence was later stricken from the record; and since it related principally to the first count of the information (on which the jury found appellant not guilty) it is clear that the jury was not prejudiced against appellant by reason of such evidence.

 Point three is that the court erred in admitting certain admissions or confessions purporting to have been made by the co-defendant Evans, which appellant contends were obtained as the result of a beating administered by five Denver policemen. The witness Wessels, a Los Angeles police officer, testified that on October 23, 1930, certain statements were made in his presence by defendant Evans, in the police station at the city of Denver. Wessels testified that no threats, force or violence were used upon Evans at that time nor was any promise of reward or hope of immunity extended to him, and that the statement made by Evans was free and voluntary. In response to this testimony Evans testified that on or about the 15th of October, certain police officers of the city of Denver had by violent means obtained from him statements which he made in order to avoid further punishment, but which statements he said were false. It is not claimed that Wessels was present at that time. The argument of appellant is that the influence of the violence used against Evans on the fifteenth must be presumed to have continued so as to affect the statements made by him in the presence of Wessels eight days later. We think that the court did not err in receiving the testimony of Wessels, and submitting it to the jury, as it did, under proper instructions. Moreover,

it does not appear that Collins was referred to in the confession, or admission of facts, made by Evans.

In his brief appellant contends that the court "drew a line through" the following words in an instruction concerning the defense of alibi: "Such a defense is as proper and legitimate as any other and all evidence bearing on that point should be carefully considered by the jury." Turning to the record we find that the court did *not* erase from said requested instruction the words "such a defense is as proper and legitimate as any other". Appellant claims that in certain other stated instances the court erred in striking from the instructions certain clauses thereof by running a line through them. It does not appear, however, that the rights of defendant were prejudiced thereby, or even that the documents were delivered to the jury. It does appear that the statements thus stricken out, in so far as they were essential or important, were contained in other instructions. We find no error in the matter of instructions to the jury. After a fair trial defendant's guilt was established by competent and sufficient evidence.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 5, 1931, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 17, 1931.