[Crim. No. 3248.   Second Appellate District, Division Two.—May 27, 1940.]

THE PEOPLE, Respondent, v. CHARLES L. SMITH, Appellant.

Llewellyn J. Moses and Martin S. Ryan for Appellant.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was charged in an information filed by the district attorney of Los Angeles County with violation of (1) section 480 of the Vehicle Code, and (2) section 501 of the same code. Thereafter after trial before a jury he was acquitted of violating section 480 of the Vehicle Code and found guilty of violating section 501 of the Vehicle Code. This appeal is from an order denying his motion for a new trial.

Viewing the evidence most favorable to respondent, the facts are:

November 2, 1938, an automobile being driven by defendant collided with one being operated by Mr. Jonathan.

Defendant relies for reversal of the judgment on these propositions:

*First: There is no substantial evidence to sustain the finding upon which the judgment was necessarily predicated that defendant was driving an automobile while under the influence of liquor.*

*Second: Since the jury found defendant not guilty of violating section 480 of the Vehicle Code, it was an inconsistent verdict to find him guilty of violating section 501 of the same code.*

*Third: The trial court committed prejudicial error in:*

*(a) instructing the jury as follows:*

"*You are instructed that where unconsciousness of the defendant at the time of the alleged offense, from any cause, is relied upon as a defense, the burden is upon the defendant to establish such unconsciousness by affirmative proof amounting to a preponderance, or a greater weight, of evidence.*"

(*b*) *refusing to instruct the jury thus:*

"*The mere fact that an accident happened and that the defendant was involved therein, considered alone does not support an inference that the defendant was driving his automobile at the time thereof in an unlawful manner.*"

██ The first proposition is untenable. An examination of the record discloses that there was substantial evidence together with the inferences which the jury may have reasonably drawn therefrom to sustain each and every finding of fact upon which the judgment of guilty of violating section 501 of the Vehicle Code was necessarily predicated. For example, a police officer testified that shortly after the accident he took defendant to the west Los Angeles police station, that defendant's face was flushed, his eyes red, the pupils thereof dilated, the odor of alcohol upon his breath, and that he in the opinion of the witness was under the influence of intoxicating liquor. This testimony was corroborated by another police officer. Further discussion of the evidence is unnecessary.

██ Defendant's second proposition is likewise untenable. There is no inconsistency between a finding by the jury that defendant did not violate section 480 of the Vehicle Code (which provides that in the event of an accident resulting in personal injury the requirements of section 482 (a) of the same code must be complied with) and a finding that defendant violated section 501 of the Vehicle Code (which prohibits a person from operating a vehicle while under the influence of an intoxicating liquor).

██ It may be conceded without deciding that the instruction set forth in paragraph (a) of defendant's third proposition was erroneous. (*People* v. *Flannelly,* 128 Cal. 83, 92 [60 Pac. 670].) However, since the instruction related to the offense upon which defendant was acquitted, he was not prejudiced by the giving of the instruction and may not predicate error in this court thereon. (*People* v. *Collins,* 118 Cal. App. 430, 431 [5 Pac. (2d) 462].)

██ It was not error to refuse to give the instruction set forth in paragraph (b) of defendant's third proposition. The

facts surrounding an accident may or may not support an inference that defendant at the time of the accident was driving in an unlawful manner. This is a question for determination by the trier of fact (in this case the jury) from all of the evidence properly received.

For the foregoing reasons the order appealed from is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1940.