[Crim. No. 4203.    Second Dist., Div. Three.    May 18, 1948.]

THE PEOPLE, Respondent, v. VICENTE RIVAS, Appellant.

Francis Price, Ralph C. Raddue and William C. Rice for Appellant.

Fred N. Howser, Attorney General, Frank Richards, Deputy Attorney General, and David S. Licker, District Attorney, for Respondent.

WOOD, J.—Defendant was convicted, in a trial by jury, of murder in the second degree, of assault with a deadly weapon, and of assault with intent to commit murder. Three persons were victims of the crimes. The court sentenced defendant on each of the three counts to imprisonment in a state prison for the term prescribed by law, and directed that the sentences run consecutively. The defendant appeals from the judgment and from the ''order of commitment.''

On April 5, 1947, about 7 p. m., defendant went to a house where his former wife and two of their children and his former wife's brother resided, and knocked on the door, but no one responded. At that time the former wife, Maria Castro Rivas, her two children, and her brother, Raymond Castro, were in a bedroom of the house. After knocking on the door defendant knocked on the window of the bedroom, but no one responded. He then went up on the roof and entered the house through a hole in the roof. Mrs. Rivas then entered the hallway, and defendant fired a pistol at her, but missed her. Raymond Castro then entered the hallway, and defendant shot him three times through the heart and killed him. Mrs. Rivas, in the meantime, had run into the

542

bedroom and closed the door. Defendant then shot through the closed door, and the bullet struck his daughter, Virginia, in the leg. Appellant then hid in a near-by dry river bed for approximately two weeks, and when he was arrested he had on his person a loaded automatic pistol and about 150 cartridges.

Appellant's contention is that the trial court exceeded its jurisdiction, as prescribed by section 669 of the Penal Code, in directing that the sentences run consecutively. Said section 669 provides that when any person is convicted of two or more crimes the judgment shall direct whether the terms of imprisonment shall run concurrently or consecutively "provided, however, if the punishment for any of said crimes is *expressly prescribed to be life imprisonment*, whether with or without possibility of parole, then the terms of imprisonment on the other convictions . . . shall be merged and run concurrently with such life term." (Italics added.) Appellant argues that since the punishment for murder in the second degree, under section 190 of the Penal Code, is "imprisonment in the state prison from five years to life," the punishment "expressly prescribed" by statute for murder in the second degree is "life imprisonment," and therefore under the provisions of said section 669 the sentences for the other crimes should run concurrently with the "life term" sentence for second degree murder. The punishment for second degree murder is not a punishment that is expressly prescribed by statute to be life imprisonment. The punishment for such offense is imprisonment for an indeterminate period of time from a minimum term of five years' imprisonment to a maximum of life imprisonment. Section 190 of the Penal Code provides that ". ... every person guilty of murder in the second degree is punishable by imprisonment in the state prison from five years to life . . .." The trial court, as above stated, sentenced the defendant for the crime of second degree murder to imprisonment in a state prison for the term prescribed by law, and did not fix a definite term for such imprisonment. The court was not empowered to fix the term or duration of imprisonment on that count in any other manner than it did fix it, that is, for the term prescribed by law (Pen. Code, § 1168), which term is prescribed by section 190 to be for a minimum term of imprisonment for five years and a maximum term of imprisonment for life. The Adult Authority is empowered to fix the definite term for such imprisonment, and it may fix such term for a lesser

period than life imprisonment. Until and unless the Adult Authority fixes a lesser term than life imprisonment, the sentence for second degree murder for the period prescribed by law is imprisonment for life. In the matter of *In re Quinn,* 25 Cal.2d 799 [154 P.2d 875], the court directed that sentences for two counts of robbery in the first degree and for escape run consecutively. Defendant therein contended that since the punishment for first degree robbery, under section 213 of the Penal Code, was imprisonment ''for not less than five years,'' a sentence for first degree robbery, being for an indeterminate term without a specified maximum, is a life sentence, at least until the Board of Prison Terms and Paroles has fixed the term at a term for years; and that the court upon pronouncing judgment on the first robbery count became powerless to direct that any other sentence run consecutively. The court therein said, at page 800: ''There is no merit in petitioner's contention. Certainly an indeterminate sentence without a fixed maximum is regarded for certain purposes as having the effect of a life sentence until and unless the prison term board has acted and fixed a term for years [citing cases] but this proposition of law does not preclude our recognizing the reality that, in the absence of action by the board, an indeterminate sentence *is an indeterminate sentence.* It is neither a life sentence nor a fixed term sentence; it is entitled to recognition as a distinct *species intelligibilis.* The fact that for some purposes it has the legal effect of a life sentence does not mean that it must be regarded as the equivalent of a life sentence for all purposes. [Citing case.] A defendant against whom such a judgment has been pronounced may or may not be required to spend the entire term of his natural life in prison.'' In that case the court considered the question whether the punishment for first degree robbery, namely, ''for not less than five years,'' was ''expressly prescribed to be life inprisonment'' within the meaning of said section 669, and the court held that it was not punishment expressly prescribed to be life imprisonment, stating on page 804: ''. . . it is obvious that the punishment is not as to any of the counts *expressly prescribed* to be life imprisonment.''

Appellant asserts that the Quinn case is distinguishable from the present case in that the maximum penalty of life imprisonment for the crime in the Quinn case (first degree robbery) was not expressly stated in the statute but was

implied only, whereas in the present case the maximum penalty of life imprisonment for the crime (second degree murder) was expressly stated in the statute and the word "life" was expressly used. Even though those differences exist in the language of the code sections relating to the punishment for those two crimes, the maximum penalty prescribed by law for each crime, whether by· statute or judicial interpretation, is the same, that is, life imprisonment. Since the Quinn case decides that a sentence for first degree robbery is an indeterminate sentence with a minimum penalty of five years and a maximum penalty of life, and that the punishment for such crime is not expressly prescribed to be life imprisonment, and since the punishment for second degree murder is the same as that for first degree robbery, a sentence for second degree murder is also an indeterminate sentence and the punishment for such crime likewise is not expressly prescribed to be life imprisonment. The trial court in the present case did not err in directing that the sentences run consecutively.

An instance where punishment is expressly prescribed to be life imprisonment is indicated in *People* v. *Holman,* 72 Cal. App.2d 75 [164 P.2d 297]. In that case the defendant was convicted on twenty-two counts of murder in the first degree, with the recommendation of imprisonment for life, and the court sentenced the defendant to imprisonment for life on each of the counts, and directed that the sentences run consecutively. The reviewing court therein held that the sentences should run concurrently, stating (p. 100) that the provision in section 190 of the Penal Code prescribing life imprisonment as punishment for murder in the first degree is a provision wherein punishment is "expressly prescribed to be life imprisonment," within the meaning of section 669 of the Penal Code.

■ The order of commitment herein is not an appealable order. (See *People* v. *Sourisseau,* 62 Cal.App.2d 917, 928 [145 P.2d 916]; *People* v. *Flannelly,* 128 Cal. 83, 94 [60 P. 670]; *In re Ralph,* 27 Cal.2d 866, 870, 872 [168 P.2d 1].)

The judgment is affirmed, and the appeal from the order of commitment is dismissed.

Shinn, Acting P. J., and Vallée, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 10, 1948. Carter, J., voted for a hearing.