[Crim. No. 4505.   Second Dist., Div. Two.   Oct. 9, 1950.]

THE PEOPLE, Respondent, v. SAMUEL D. COLLINS, Appellant.

Samuel D. Collins, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

WILSON, J.—By an information filed on August 30, 1945, defendant was charged with felonies in three counts—two separate abortions and murder. He was also charged with having been previously convicted on June 25, 1934, of the crime of abortion. (See *People* v. *Collins,* 4 Cal.App.2d 86 [40 P.2d 542].) He pleaded not guilty to each of the three counts and admitted the prior conviction. The jury found him guilty of all the crimes charged and found the crime of murder to be of the second degree. His motion for a new trial was denied and he was sentenced to the state prison for the term

prescribed by law as to each count, the sentences to run consecutively. On his appeal the judgments and orders denying motions for a new trial were affirmed. (*People* v. *Collins,* 80 Cal.App.2d 526 [182 P.2d 585].)

On March 30, 1950, defendant filed a motion to vacate the judgment and sentence and to resentence him so that all three counts would run concurrently. His motion was denied and he has appealed from the order.

■ Defendant's contention is based on the provisions of section 669 of the Penal Code. He maintains that his sentence on the charge of murder in the second degree is for life and therefore the terms of his imprisonment must run concurrently.

Section 190 of the Penal Code provides that "every person guilty of murder in the second degree is punishable by imprisonment in the state prison from five years to life; . . ." Section 669 provides that when a person is convicted of two or more crimes the second or other subsequent judgment shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently, or whether the imprisonment upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment; "provided, however, if the punishment for any of said crimes is expressly prescribed to be life imprisonment, whether with or without possibility of parole, then the terms of imprisonment on the other conviction, whether prior or subsequent, shall be merged and run concurrently with such life term."

The question has been decided adversely to defendant's contention. (*In re Quinn*, 25 Cal.2d 799 [154 P.2d 875], and *People* v. *Rivas*, 85 Cal.App.2d 540 [193 P.2d 151].) In the Rivas case it is pointed out that the punishment for second degree murder is not "expressly provided" by section 190 to be life imprisonment but is for the indefinite period of five years to life. In the Quinn case the court held that the fact that the petitioner had been sentenced for robbery of the first degree, an indefinite term without specified maximum (Pen. Code, § 213), did not require the court to order his sentences on that and other counts to run concurrently since the judgment on the robbery charge was an indeterminate sentence.

The jurisdiction of the court to direct whether sentences shall run concurrently or consecutively is determined by section 669 of the Penal Code. When the sentences were pronounced against defendant the term of imprisonment on his

conviction of second degree murder was indeterminate and indefinite, five years to life (Pen. Code, § 190), and so remained until fixed by the board which by law has the power to determine the duration of sentences. Hence the court had jurisdiction to make the sentences run consecutively. The judgments and sentences are not subject to change by reason of any order made by the board which fixes the actual term.

Defendant's contention has been previously determined adversely to him by the First Division of this court when, on the authority of the Quinn and Rivas cases, his petition (Crim. No. 4061) to have the judgments vacated and the trial court instructed to impose new sentences to run concurrently was denied by a minute order on July 24, 1950.

Upon the filing of defendant's brief in propria persona he requested that counsel be designated to aid him in the case. We have been favored with a letter from G. William Shea, of the law firm of McCutchen, Thomas, Matthew, Griffiths & Greene, who is a member of the Los Angeles Bar Association's committee on criminal appeals, but he has not presented any authority contrary to the cases above cited.

Order affirmed.

Moore, P. J., and McComb, J., concurred.