[Crim. No. 2993. Fourth Dist., Div. One. Jan. 3, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. THOMAS LOPEZ ALMENGOR, Defendant and Appellant.

R. Jack Stump, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Elizabeth Miller and Melvin R. Segal, Deputy Attorneys General, for Plaintiff and Respondent.

LAZAR, J. pro tem.*—Appeal from judgment of conviction for the offenses of rape (Pen. Code, § 261, subd. 3), and grand theft (Pen. Code, § 487, subd. 3), after trial by jury.
No issue is raised concerning error at trial or the sufficiency

*Assigned by the Chairman of the Judicial Council.

of the evidence to support the conviction. We recount, therefore, only the facts essential to determination of the constitutional questions involved in the appeal.

On June 1, 1967, in San Diego County, M., a 14-year-old unmarried girl was accosted by defendant as she was on her way to school. Defendant was driving a 1954 Chevrolet automobile which had been stolen in Norwalk, Los Angeles County, on May 31. Defendant left the car, ran after M, caught her when she tripped and fell to the ground, and forcibly accomplished an act of sexual intercourse. Defendant returned to the automobile momentarily, then left it and walked to the freeway fence of Interstate Highway 5 and jumped over it.

Later in the morning of June 1, defendant was arrested in Orange County after a high speed police chase when he was observed driving north on Interstate 5 from San Clemente. The chase and arrest resulted from a police broadcast that the automobile which was then being driven by defendant had left a San Clemente service station without payment for the gasoline obtained there. This second automobile had been reported stolen in Oceanside, north of the place of attack on M, and south of San Clemente, all on Interstate 5. A count alleging theft of the vehicle was dismissed at the preliminary hearing.

Incident to the arrest in Orange County defendant was wounded by police gunfire; he was placed in custody in the Orange County Hospital. The San Diego authorities were notified of defendant's arrest as a result of the police broadcast concerning the attack on M. On June 2, defendant's fingerprints were taken at the hospital; they matched those found on the automobile driven and abandoned by defendant in San Diego County.

On cross-examination of M by defendant's counsel it was developed that she had been taken to the Orange County Hospital in the company of police officers, had confronted defendant and had identified him as her assailant. The record does not disclose the date or other circumstances of the confrontation, or whether the fingerprint identification had already been made.

 Defendant contends he was unconstitutionally deprived of his right to counsel at the time of the pretrial confrontation between M and defendant at the hospital, and also that, regardless of the failure to be represented by counsel, he was denied due process by an ''unnecessarily'' sugges-

tive confrontation. The points are raised as purely abstract considerations for no suggestion is made of actual prejudice, either in terms of the confrontation or in identification at the time of trial. Furthermore, defendant ignores the fact that his fingerprints were found on the first automobile, in the immediate vicinity of the place where the assault occurred.

Defendant relies upon *United States* v. *Wade*, 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926], *Gilbert* v. *California*, 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951], and *Stovall* v. *Denno*, 388 U.S. 293 [18 L.Ed.2d 1199, 87 S.Ct. 1967].

 The People urge that the principles of those cases do not apply for the reason they have been held operative only in prospect as of June 12, 1967 (*Stovall* v. *Denno, supra*, 388 U.S. 293, 296 [18 L.Ed.2d 1199, 1293, 87 S.Ct. 1967]) and the record contains no indication that the confrontation took place after that date; further, that error may not be premised by an appellant upon a factual situation as to which no evidence exists in the record, citing *People* v. *Fleig*, 253 Cal.App. 2d 634, 638 [61 Cal.Rptr. 397].) Additionally, the People argue no objection or other motion was made by defendant with respect to the confrontation evidence at the time of trial, on the grounds of lack of counsel or impermissible suggestiveness and defendant must be deemed to have waived the issues. (*People* v. *Fairchild*, 254 Cal.App.2d 831, 840-841 [62 Cal. Rptr. 535].)

We agree with the positions taken by the People (See *People* v. *Rodriguez*, 266 Cal.App.2d 766, 769 [72 Cal.Rptr. 310]; cf. *People* v. *Hogan*, 264 Cal.App.2d 254 [70 Cal.Rptr. 448].)

 We call attention, however, to the fact that *Wade, Gilbert* and *Stovall*, do not set down a hard and fast rule with respect to the necessity for counsel at pretrial identification. The rule is one of evaluation: the court must ". . . scrutinize *any* pretrial confrontation of the accused to determine whether the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial as affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself. It calls upon us to analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice." (*United States* v. *Wade*, 388 U.S. 218, 227 [18 L.Ed.2d 1149, 1157, 87 S.Ct. 1951].)

Both *Wade* and *Gilbert* involved cases in which "lineups"

618

were held without the participation of the counsel who had already been appointed. *Stovall* involved taking the arrested accused to the hospital bed of one of the victims, again without the defense counsel who had already been appointed. The instant case does not come within the factual situations of those cases. Here, the defendant, in the hospital, was under arrest, but not for the attack on M. The purpose of the confrontation was investigatory as to the rape charge. We would deem it unrealistic as well as impractical and not within the contemplation of the constitutional safeguards that counsel should be required for the confrontation of suspects who have not yet been sufficiently identified to be either under indictment or charged by information. ■ We suggest that substantial prejudice or unfairness or impropriety must be shown to cause exclusion of the evidence of identification under circumstances consistent with those of this case before the pretrial confrontation could be considered tainted. No prejudice, unfairness or impropriety has been demonstrated or argued in the record before us. ■ Neither the right to counsel nor to due process of law was denied to defendant. (*People* v. *Irvin,* 264 Cal.App.2d 747, 758-759 [70 Cal.Rptr. 892].)

■ Defendant's contention the consecutive sentences were improper is without merit. Penal Code, section 669 does not apply to implied life sentences. (*People* v. *Boyd,* 203 Cal. App.2d 348, 353-354 [21 Cal.Rptr. 444]; *People* v. *Collins,* 99 Cal.App.2d 780, 781 [222 P.2d 686].)

Judgment affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.