This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GREGORY CHAVEZ,**

Petitioner-Appellee,

v.                                                                    **NO. 33,043**

**AMY O'HERN,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff Foster McElroy, District Judge**

Train Law Firm LLC
Amber Train
Santa Fe, NM

for Appellee

The Herrera Firm, P.C.
Samuel M. Herrera
Taos, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}      Respondent, Amy O'Hern (Mother), appeals from the findings of fact, conclusions of law, and final order entered by the district court in this parentage/custody case filed by Petitioner, Gregory Chavez (Father). [DS 2, RP Vol. III, 847] Mother raised sixteen issues in her docketing statement and we issued a notice proposing to summarily affirm with respect to all issues. Mother filed a memorandum in opposition in which she continues to maintain that she is entitled to relief with respect to six issues. We address these issues; the others, we deem abandoned. *See Taylor v. Van Winkle's Iga Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned). We remain unpersuaded by Mother's arguments and affirm.

**A.      Denial of Motion for Recusal**

{2}      Mother continues to argue that the district court judge erred in denying her motion for recusal because he heard ex parte testimony from two witnesses and used that testimony without holding an evidentiary hearing or otherwise allowing Mother to cross-examine the witnesses. [MIO 1-11] In our notice, we proposed to conclude that Judge McElroy did not abuse his discretion in denying Mother's motion for recusal because we saw no evidence that he became so embroiled in this controversy that he could not fairly and objectively hear this case. *See State v. Trujillo*, 2009-

NMCA-128, ¶¶ 9, 11, 147 N.M. 334, 222 P.3d 1040 (stating that "[w]e review a denial of a motion to recuse for an abuse of discretion" and that "[r]ecusal is only required when a judge has become so embroiled in the controversy that he or she cannot fairly and objectively hear the case" (alteration, internal quotation marks, and citation omitted)).

{3}     In her memorandum in opposition, Mother argues that Judge McElroy was required to recuse himself because his ex parte communications "were neither administrative or inadvertent." [MIO 1]  Mother relies principally on two cases, *In re Salazar*, 2013-NMSC-007, 299 P.3d 409, and *In re Naranjo*, 2013-NMSC-026, 303 P.3d 849. [MIO 2-12]  These cases both involve judicial discipline proceedings and are inapposite.  We have carefully reviewed the record and see no basis for questioning Judge McElroy's characterization of his ex parte communications as administrative or inadvertent.  Judge McElroy explained that as soon as the ex parte communications with the witnesses became substantive, he asked the witnesses to submit written reports and disseminated those reports to the parties.  Equally important, we see no basis for questioning his conclusion that the communications did not result in prejudice to Mother. [RP Vol. III, 643]  We thus affirm the district court's order denying Mother's motion for recusal.

**B.     Imposition of Filing Restrictions**

3

**{4}** Mother continues to argue that the district court erred in imposing filing restrictions upon her. [MIO 12-17] In our notice, we proposed to conclude that the district court acted within its discretion in imposing filing restrictions on both parties, citing *State ex rel. Bardacke v. Welsh*, 1985-NMCA-028, ¶ 16, 102 N.M. 592, 698 P.2d 462, for the proposition that the district court has the authority to enjoin future vexatious and oppressive litigation.

**{5}** In her memorandum in opposition, Mother contends the district court erred because it did not provide any factual basis to support its finding that Mother was a vexatious litigator. [MIO 12] We disagree. In its third interim order, the district court found that "both parties, over the eight years of this litigation (and the eight years of the life of the child at issue in this matter), are vexatious litigators and have abused the process of the [district court] using many different attorneys and evaluators over the life of this case to dispute every such matter in the raising of this child." [RP Vol. II, 605-06] The district court further found that "continued litigation and cross litigation to such an extreme as displayed in this case cannot be in the best interest of the child's welfare or the interest of justice or judicial economy." [RP Vol. II, 606] Mother contends that she did not file an excessive number of pleadings, but we do not believe that the number of pleadings alone indicates whether a party is a vexatious litigator.

**{6}** The district court's findings are not clearly erroneous or deficient and amply support the filing restrictions it imposed. *See Herrera v. Roman Catholic Church*, 1991-NMCA-089, ¶ 14, 112 N.M. 717, 819 P.2d 264 ("Unless clearly erroneous or deficient, findings of the trial court will be construed so as to uphold a judgment rather than to reverse it."). We note that Mother claims that the district court restricted her from filing pleadings "*anywhere in the world.*" [MIO 15] But this is incorrect. The district court's order plainly restricts the parties' pleadings "in this matter." [RP Vol. II, 606] We have previously recognized that "trial courts have supervisory control over their dockets and inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Pizza Hut of Santa Fe, Inc. v. Branch*, 1976-NMCA-051, ¶ 8, 89 N.M. 325, 552 P.2d 227. We affirm the district court's imposition of filing restrictions.

**C. Allowance of Alleged Extraordinary Expenses**

**{7}** Mother continues to argue that the district court erred in allowing Father to claim certain expenses that she contends are not permitted by statute. [MIO 17] In our notice, we proposed to conclude that Mother did not preserve this argument in the district court.

**{8}** In her memorandum in opposition, Mother states that she objected to the expenses claimed by Father at trial, arguing that they were not extraordinary within

5

the meaning of NMSA 1978, Section 40-4-11.1(I) (2008). [MIO 17] She contends that she made this argument for a second time in her proposed findings of fact and conclusions of law. [MIO 17] Unfortunately, Mother still does not explain *why* the expenses claimed by Father were not extraordinary. She provides us with no argument on this issue, and we thus perceive no basis for concluding that the district court abused its discretion with respect to its child support calculation. *See Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559 (stating that we review a district court's decision as to child support for an abuse of discretion). "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Because Mother has failed to meet this burden, we affirm the district court's allowance of the extraordinary expenses claimed by Father.

**D. Diagnosis of Bipolar Disorder**

{9}     Mother continues to argue that the district court erred in finding that she had been diagnosed with bipolar disorder because there was no evidence in the record to support such a finding. [MIO 17] In our notice, we proposed to uphold this finding because it did not appear to be clearly erroneous or deficient. *See Herrera*, 1991-NMCA-089, ¶ 14 ("Unless clearly erroneous or deficient, findings of the trial court

6

will be construed so as to uphold a judgment rather than to reverse it."). We also noted that it did not appear that any error would be reversible because it did not appear that this finding was essential to the district court's decision. *See Quarles v. Arcega*, 1992-NMCA-099, ¶ 21, 114 N.M. 502, 841 P.2d 550 ("Even if a finding of fact . . . is erroneous, if it is unnecessary to the court's decision, the mistake is not a basis for reversal." (internal quotation marks and citation omitted)).

{10} In her memorandum in opposition, Mother contends that we cannot speculate regarding which findings were more or less important to the district court. [MIO 17] Mother also contends that the district court erred because it appears that it determined Mother was bipolar based, in part, upon her demeanor and testimony in court. [MIO 17] Mother argues that this finding is important because it bears on the showing that she must make to demonstrate changed circumstances and because it is part of the public record. [MIO 18] She cites no authority supporting any of her arguments with respect to this issue and we are aware of none. We thus affirm. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel.").

**E. Finding That Child Was Not Abused**

7

{11} Mother continues to argue that the district court erred in finding that Child was not abused. [MIO 18] In our notice, we stated that we perceived no clear error in the district court's finding that Child was not abused based on CYFD's report that Child's injuries "were not consistent with being spanked in [an] abusive way." [RP Vol. III, 849, ¶ 14] In her memorandum in opposition, Mother points to contrary evidence, suggesting that Child was abused by Father, and contends that in finding that there was no abuse, the district court adopted one witness's "race based analysis." [MIO 18-19] We affirm the district court's finding, noting that Mother cites no authority in support of her argument on this issue and we will not reweigh the evidence on appeal. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2; *see also Landavazo v. Sanchez*, 1990-NMSC-114, ¶ 7, 111 N.M. 137, 802 P.2d 1283 ("It is not this court's task to reweigh the evidence.").

**F.    Finding That Child Feels Responsible**

{12} Lastly, Mother continues to argue that the district court erred in finding that Child feels responsible for the conflict and has taken on the adult role of trying to fix the conflict because this finding was based on ex parte testimony that is necessarily erroneous. [MIO 19] Mother cites no authority supporting her argument that ex parte testimony is necessarily erroneous. Moreover, she does not contend that this finding

8

was essential to the district court's decision.  We thus affirm.  *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2; *Quarles*, 1992-NMCA-099, ¶ 21.

**CONCLUSION**

{13}    For the reasons discussed above and in our previous notice, we affirm.

{14}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**TIMOTHY L. GARCIA, Judge**