[Crim. No. 5640. In Bank. May 27, 1955.]

In re CHARLES LARSEN, on Habeas Corpus.

Charles Larsen, in pro. per., and Richard M. Grossberg, under appointment by the Supreme Court, for Petitioner.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

SHENK, J.—Petitioner is now serving sentences at Folsom State Prison under two judgments of conviction, one a 1938 conviction of first degree burglary (Los Angeles Superior Court No. 73864), the other a 1953 conviction of second degree burglary (San Francisco Superior Court, No. 49121). In this petition for the writ of habeas corpus petitioner alleges that he is being illegally restrained of his liberty, first because neither judgment of conviction sets forth the term or duration of the sentence imposed, and secondly because there is no legal commitment to sustain his imprisonment under the 1938 judgment.

On November 2, 1938, petitioner pleaded guilty in the Superior Court in and for the County of Los Angeles to the crime of first degree burglary and was sentenced to the state prison at San Quentin "for the term prescribed by law." Execution of the judgment and sentence was suspended and petitioner was placed on probation for five years on condition that he serve the first eight months in the county jail. This he did. Thereafter he was arrested in San Francisco for an offense herein undisclosed and committed to the Preston School of Industry. The Los Angeles Superior Court revoked his probation under date of January 25, 1940, issued a bench warrant, and placed the matter off calendar. Upon his release from Preston he was arrested upon the Los Angeles warrant. A hearing was held on December 26, 1940, at which he was present. He was ordered restored to probation for a period of three years. On January 18, 1942, he was convicted of a felony in Texas and sentenced to five years in the Texas state prison. On March 19, 1942, the Los Angeles Superior Court revoked his probation, a bench warrant was issued, and the cause was placed off calendar. On May 5, 1947, he was arrested on the 1942 bench warrant and a hearing was held, petitioner being present. The court restored him to probation for a period of five years on condition that he serve the first year in the county jail. He served the year. On December 6, 1948, his probation was revoked because of his failure to report and a bench warrant was issued. In March, 1949 he was arrested for a violation of the Dyer Act in Nevada. He was subsequently convicted of that offense in the federal district court in that state and sentenced to federal prison. In August, 1952, he was released. On October 29, 1953, he pleaded guilty in the Superior Court in and for the City and County of San Francisco to a charge of second degree burglary and was sentenced to San Quentin

"for the term prescribed by law." He was forthwith delivered by the sheriff to the Director of Corrections at San Quentin. Upon his arrival he notified the prison officials of the December 6, 1948, bench warrant issued by the Los Angeles Superior Court for violation of probation.

On August 20, 1954, this application in habeas corpus was filed. Petitioner alleged that he had been informed by the prison officials that a commitment under the 1938 Los Angeles judgment had been lodged against him and that he was to serve the sentence contained therein. He alleged that the court records in the Los Angeles action as received at San Quentin showed that the last order entered therein was the order of December 6, 1948, and that there was no order of record thereafter revoking suspension of execution of sentence. He therefore contends that the order suspending execution of judgment and sentence is still operative.

Petitioner is correct in his contention that some form of revocation of the suspension of execution of the judgment and sentence must appear of record to support a commitment under the original sentence. (*In re Torres,* 86 Cal. App.2d 178, 180 [194 P.2d 593] ; *In re Giannini,* 18 Cal.App. 166 [122 P. 831].) The court has discretionary power to grant or to revoke probation. (*In re Dearo,* 96 Cal.App.2d 141, 143 [214 P.2d 585].) Section 1203.2 of the Penal Code provides that probation may be revoked if the court in its judgment shall have reason to believe that the person placed on probation is engaging in criminal practices or has become abandoned to a vicious life, and that upon such revocation the court may revoke a suspension of execution "whereupon the judgment shall be in full force and effect." The subsequent convictions of the petitioner would furnish sufficient grounds for revocation. Under section 1203.3 the court has authority at any time during the period of probation to revoke, modify or change its order of suspension.

In his return the attorney general has transmitted to this court certified copies of the record in the Los Angeles action. This record shows that a minute order was entered on November 30, 1953, reading as follows: "Deputy District Attorney Kenneth J. Thomas is present. Defendant is not present being in San Quentin. Probation having been heretofore revoked, the sentence imposed on November 2, 1938, committing this defendant to the State Prison for the term prescribed by law is ordered in full force and effect. This sentence is ordered to run CONCURRENTLY with sentence De-

fendant is now serving. Defendant is remanded into the custody of the Director of Corrections at the California State Prison at San Quentin.'' Under Penal Code, section 1213, a certified copy of the abstract of judgment constitutes the commitment. Such a certified copy was placed in the hands of the warden at San Quentin. (Pen. Code, § 1216.) It therefore appears that a valid commitment under the 1938 judgment was duly issued.

Petitioner urges that he is wrongfully deprived of his liberty under the 1938 judgment because he received no notice or hearing before revocation of his probation and suspension. After his probation was revoked on two prior occasions he was given notice and was present in court at the hearings held thereon. ■ In each instance his probation was reinstated. However such reinstatement is a matter of clemency.

■ There is neither a constitutional right (*Escoe* v. *Zerbst*, 295 U.S. 490 [55 S.Ct. 818, 79 L.Ed. 1566]) nor a statutory right (*In re Davis*, 37 Cal.2d 872, 873-875 [236 P.2d 579]) to notice and hearing preceding revocation of probation.

■ There is no merit in petitioner's contention that he is entitled to deduction from his prison sentence of the 20 months he served in the county jail during probation. Section 1203.2 of the Penal Code provides that upon revocation of suspension a probationer shall be delivered to the proper officer ''to serve his sentence less any credits herein provided for.'' However the Legislature in 1947 recognized ''the inconsistency of applying a statutory system of credits to a prison term fixed under the indeterminate sentence law'' and abolished the system in the prisons of this state (Stats. 1947, ch. 1381, § 1). Section 2926, Penal Code (1941, am. 1947) provides that no person received at any state prison on or after January 1, 1948, shall receive or be allowed any credits theretofore provided. *People* v. *Roberts* (1934), 136 Cal.App. 709 [29 P.2d 432] relied upon by petitioner was concerned with the provision of section 1203, subdivision (1) of the Penal Code which formerly allowed credit to a probationer against his state prison sentence for the time served by him in a county jail during probation. This provision was deleted by the Legislature in 1935. (See *In re Hays*, 120 Cal.App.2d 308 [260 P.2d 1030].) As this was prior to petitioner's original judgment of conviction, no ''ex post facto'' question is presented.

■ Petitioner contends that the Legislature has no power under our state Constitution to enact sections 1168 and 3020

of the Penal Code, and that these sections violate the constitutional provision for division of governmental powers. (Cal. Const., art. III, § 1.) In *In re Lee,* 177 Cal. 690 [171 P. 958], it was held that section 1168 was not a delegation of either legislative or judicial authority to the Board of Prison Directors. Section 1168 at that time provided that the court in imposing a sentence to the state prison "shall not fix the term or duration of the period of imprisonment"; that the period of confinement shall not exceed the maximum or be less that the minimum term of imprisonment provided by law for the public offense of which such person was convicted; that the governing authority of the prison, or any board hereafter given authority so to do, shall determine after the expiration of the minimum term of imprisonment has expired, what length of time, if any, such person shall be confined; and that if it be determined that such person be released before the expiration of the maximum period for which he is sentenced, he shall be released at such time as the governing board or other authority may determine. Section 3020 of the Penal Code [1941] now contains some provisions formerly in section 1168, and states the power of the Adult Authority (which replaces the former "board") to determine and redetermine after the expiration of six months from the actual commencement of imprisonment what length of time, if any, a convicted person should be imprisoned. Section 1168 and similar statutes adopted by other states have been uniformly held to be in legal effect a sentence for the maximum term and therefore not void for uncertainty. (15 Am.Jur. 169.)

The pronouncing of sentence is a judicial act. The punishment which the sentence pronounces comes from the law itself and is established or provided for by the Legislature. The act does not confer upon the Adult Authority the right to determine the punishment that any given crime shall bear.

The Legislature has prescribed the minimum time for first degree burglary, "by imprisonment in the State Prison for not less than five years" (Pen. Code, § 461, subd. 1) but not the maximum; the maximum time is therefore regarded as being for life (Pen. Code, § 671; *People* v. *Wells,* 33 Cal.2d 330, 335 [202 P.2d 53]). The time prescribed by law for second degree burglary is "in the State prison for not less than one year nor more than fifteen years (Pen. Code, § 461, subd. 2). In sentencing petitioner "for the term prescribed by law" the Los Angeles court therefore sentenced petitioner

to a term from five years to life; the San Francisco court sentenced him to a one-to-five year term.

Petitioner contends that the indeterminate sentence law subjects him to an arbitrary punishment at the uncontrolled discretion of the Adult Authority. However, no abuse of discretion or arbitrary action on the part of the Authority has been alleged.

The contention that the indeterminate sentence law deprives petitioner of due process of law is likewise without merit. It has been held that the due process of law guaranteed by the Fourteenth Amendment is not infringed by the decision of a state court asserting the validity of an indeterminate sentence law (*Dreyer* v. *Illinois,* 187 U.S. 71 [23 S.Ct. 28, 47 L.Ed. 79]; see *Ughbanks* v. *Armstrong,* 208 U.S. 481 [28 S.Ct. 372, 52 L.Ed. 582]; *In re Smith, supra,* 33 Cal.2d at 804.)

For the reasons above stated the order to show cause heretofore issued is discharged and the application for the writ of habeas corpus is denied.

Gibson, C. J., Carter, J., Traynor, J., and Spence, J., concurred.

Schauer, J., concurred in the judgment.

Petitioner's application for a rehearing was denied June 23, 1955.