[Crim. No. 5217.   Second Dist., Div. Two.   June 24, 1955.]

THE PEOPLE, Respondent, v. JOHN F. LEIVA, Appellant.

John F. Leiva, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

MOORE, P. J.—Indicted for having sold a preparation of heroin in violation of the Health and Safety Code, section

11500, appellant was convicted by a jury of such crime, and also the court found that he had suffered two prior felony convictions. The judgment decreed that he be imprisoned for the term prescribed by law. He demands a reversal on the sole ground that the indictment failed to state facts sufficient to constitute a cause of action.

He specifies that the pleading does not allege the name of the vendee who purchased the narcotic and that such omission is a fatal defect. "A sale," he asserts, "must be a transaction between two or more parties." He argues that (1) the true test of the sufficiency of an indictment is whether the record shows with accuracy to what extent he may plead a former adjudication of the facts alleged in the indictment; (2) because the indictment is thus fatally defective, the judgment is void and in violation of both the applicable statutory provisions and of the Fourteenth Amendment; (3) the indeterminate sentence law (Pen. Code, §§ 1168, 3020, 3041) provides that the final determination of appellant's sentence shall be determined by the Board of Prison Terms and Paroles, i. e., the Adult Authority; (4) because the cited code sections divest the superior courts of their power and confer it upon the Adult Authority in violation of article VI, section 1, of the state's Constitution which confers the judicial power upon designated courts, they deprive a convict of his right of due process of law.

He supports his theses with quotations from numerous decisions and text writers and concludes that the judgment of his conviction is void. Notwithstanding the skill and learning displayed in the brief, filed in propria persona, appellant thereafter requested this court to appoint counsel to prosecute his appeal. An attorney* was appointed. He made an investigation of the proceedings prior to the trial, the evidence admitted, the verdict and judgment, and advised the court that the appeal is without merit. That such advice must be approved will presently appear. The facts are simple; the judgment is valid.

For a year prior to appellant's arrest, the police department of Los Angeles had assigned Officer Manuel Gutierrez to the narcotics division. He operated as an undercover agent, wore old clothes, long hair and a mustache. Accompanied by a friend on January 26, 1954, he drove on West Temple Street and parked his car. He was promptly approached

*Arthur C. Baker, Esquire, of the Los Angeles Bar.

by appellant who was familiarly hailed by Gutierrez' companion. Thereupon appellant inquired: "Are you guys trying to pick up?" Gutierrez replied: "Yes, we want three for ten dollars if it is good stuff." Appellant assured the officer that he would not "burn you guys; it is good." He then entered the automobile and directed the disguised officer to drive to First Street and he would get what they desired. They readily appeared at an apartment house on West First Street. Appellant alone entered the place and promptly returned. He entered the car and directed Gutierrez to drive around the corner and park. At that point appellant asked who had the money. He gave the officer three capsules of powder wrapped in paper and received in return two five-dollar bills. He was then returned to the street where he was first encountered.

At the trial, Gutierrez proved the meaning of all the phrases used by appellant when he inquired as to the purpose of the officer, which established the occupation of appellant. By other men of the police department, it was established that the three capsules contained heroin; that appellant claimed the capsules belonged to another person, a woman, but refused to divulge the name of the owner; that he had just got out of jail 10 days prior to his arrest. A tape recording of the six minutes Leiva was questioned by Officers Logue and Gutierrez after his arrest was played for the court and jury.

Appellant denied the facts proved by the prosecution; testified that he had never sold narcotics in his life; that on the day of the alleged sale he was at home with his wife and children, had been in jail for a year and a half; that the recording played did not have his voice. His wife testified that at the hour of the alleged sale by appellant, he was at home with her.

Despite the denials and proof by appellant, the jury convicted him and the court adjudged him guilty and he was sentenced to the state prison for the term prescribed by law.

### INDICTMENT VALID

■ An indictment for selling narcotics is not defective because it fails to name the vendee. While an attack on the pleading could have been made only by special demurrer, even that attack is impotent. (*People* v. *Gelardi*, 77 Cal. App.2d 467, 472 [175 P.2d 855]; *People* v. *Faust*, 113 Cal. 172, 175 [45 P. 261]; *People* v. *Malone*, 68 Cal.App. 615, 618 [229 P. 100].) ■ It is the law that even a defective

information or indictment will not result in a reversal unless a substantial right of the accused on the merits is adversely affected. (*People* v. *Howes,* 99 Cal.App.2d 808, 816 [222 P.2d 969].) ▊ In the case at bar, the prosecution proved the sale by appellant and also the name of his purchaser. Such proof will enable appellant to establish former jeopardy in the event of subsequent accusations. Furthermore, the indictment of appellant followed the form prescribed by section 951 of the Penal Code.

### The Statutes Involved

▊ It is not essential to a judgment that it specify the exact term a convict must serve. The superior court, by a judgment sentencing a person to the maximum period prescribed, is not divested of its power. ▊ The statutes dealing with the indeterminate sentence law (Pen. Code, §§ 1168, 3020, 3022) do not infringe the right of due process of law. A judgment pursuant to those statutes is in legal effect a sentence for the maximum term and therefore it is definite and certain. (*In re Lee,* 177 Cal. 690, 693 [171 P. 958].) So construed, such judgment does not lack certainty. The superior court has the function of determining the guilt of the defendant and of imposing the sentence *provided by law* for the offense involved. The execution of its judgment and the application of merciful measures are administrative and were properly vested in the executive branch of the government. "It is part of the philosophy of the indeterminate sentence law and our whole penological system that, within prescribed limits, the length of terms of imprisonment and rights of parole shall be subject to redetermination from time to time." (*In re McVickers,* 29 Cal.2d 264, 271 [176 P.2d 40].) Such measures were wisely designed for the welfare of society as well as for the prisoner.

In a belated supplemental brief, appellant asserts that he was not tried within 60 days as required by the Penal Code, section 1382. The record shows that the indictment was filed February 10, 1954, and that trial was commenced April 7, or within 60 days.

His statement that his two prior convictions were brought to the attention of the jury by the assistant district attorney in violation of the Penal Code is without support. The transcript of the proceedings discloses neither the reading of the indictment nor any other document referring to the former penal judgments against appellant. The reference to a prior conviction was made for the purpose of impeachment.

His statement that the assistant district attorney "used a tape recorder to present evidence to the jury" could refer only to the record made after his arrest when the officers were interrogating him at narcotics division headquarters. This corresponds to a stenographic record which is the usual proceeding when officers are questioning a suspect.

The reporter's transcript does not disclose any act of the trial judge indicating a prejudice against appellant.

The judgment and the order denying the motion for a new trial are affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied July 7, 1955, and appellant's petition for a hearing by the Supreme Court was denied July 20, 1955.