**In the Matter of Richard G. COSTELLO.**
**Misc. No. 752.**

United States Court of Appeals
Ninth Circuit.
June 24, 1958.

Richard G. Costello, petitioner, in pro. per.

No appearance for State of California.

Before STEPHENS, Chief Judge, and HEALY and ORR, Circuit Judges.

### PER CURIAM.

Costello is a state prisoner who seeks to prosecute his appeal in a habeas corpus proceeding in forma pauperis. Judge Yankwich refused to grant the certificate of probable cause and privilege of prosecuting the appeal in forma pauperis, stating that the appeal was without merit.

The question sought to be presented in the appeal concerns the validity of action taken under California law dealing with the redetermination of sentence under the indeterminate sentence statutes. Petitioner was originally sentenced to a term of from one to fourteen years, and the Adult Authority later set his term at six years. Before serving the six years, petitioner was released on parole.

He then violated his parole, was recommitted; and the Adult Authority fixed his term at fourteen years. He contends that his term was set at six years and cannot be changed later.

This matter was heard in the state courts, and certiorari was denied by the Supreme Court of the United States. Judge Yankwich felt that the matter was amply settled and denied habeas corpus. There is no real need of having the entire record here before us, as indicated in Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529, for there is only a question of law involved, that is, the validity of California statutes.

■ The redetermination statute, West's Ann.Penal Code § 3020, was held valid recently in In re Larsen, 44 Cal.2d 642, 283 P.2d 1043, appeal dismissed Larsen v. People of State of Cal., 350 U.S. 928, 76 S.Ct. 312, 100 L.Ed. 811. Similarly, the California courts have held that when a prisoner receives an indeterminate sentence, that it is, in effect, a sentence for the maximum term and that the setting of the term at something less than the maximum by the Adult Authority is only tentative, and may be changed, that is, increased. Ex parte Smith, 33 Cal.2d 797, 205 P.2d 662.

■ In a case similar to the present one, In re Cowen, 27 Cal.2d 637, 166 P.2d 279, the action of the Adult Authority was upheld. There for parole violation, the maximum sentence authorized by law was reinstated. This question would not seem to involve a federal question, but rather one of purely local nature: the interpretation of a state sentencing statute aimed at rehabilitation. This Court has no authority to say that the California interpretation of its own statutes is erroneous, absent some federal question. The California courts say that a one to fourteen year sentence is really a fourteen year sentence and that the setting of a lesser term, as here, six years, may be set aside and the maximum imposed for infraction of parole violations.

The motions are denied.