[Crim. No. 6576.   Second Dist., Div. One.   June 11, 1959.]

THE PEOPLE, Respondent, v. JOHNNIE LEWIS
WILLIAMS, Appellant.

A. Feldman for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and John A. Vander Lans, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of the crime of violation of section 503, Vehicle Code.

In an information filed in Los Angeles County, the defendant was charged in counts I and II with burglary; in count III he was charged with the crime of violation of section 503, Vehicle Code, a felony, in that he did on September 22, 1958, in Los Angeles County, drive and take an automobile, then the property of William J. James, without the consent of, and with the intent to deprive the said owner; count IV charged the defendant with an escape from custody.

The public defender was appointed to represent the defendant, and on October 10, 1958, the defendant was arraigned in open court and the matter continued to October 17, 1958, for further proceedings. On October 17, 1958, the defendant, in open court with his counsel present, pleaded guilty to counts III and IV. A probation officer's report was ordered and further proceedings and disposition of counts I and II were continued to November 7, 1958. On November 7, 1958, the defendant was in court with his counsel, and at such time his application for probation was denied, count IV was dismissed in the interests of justice, and the defendant was sentenced to the state prison. Counts I and II were then dismissed.

The appellant now asserts that the record discloses confusion as to just what the defendant did plead guilty to, and that count III of the information does not state facts sufficient to constitute a public offense.

We have read the record and we find no confusion therein as to the pleading of the defendant. The defendant was represented by a competent attorney at the arraignment on October 10, 1958, and there is nothing to indicate that he was not properly arraigned in accordance with the provisions of section 988 of the Penal Code. Official duty is pre-

sumed to have been regularly performed under the circumstances (Code Civ. Proc., § 1963, subd. 15). ■ On October 17, 1958, one week after the arraignment, the defendant, with his counsel present, pleaded guilty to counts III and IV. The defendant, as heretofore indicated, was represented by an attorney at all times, and no proof at all having been made to dispel the presumption of regularity, the defendant cannot now be heard to say for the first time that he did not understand that he was pleading guilty to a felony. Under the circumstances we must assume that he knew he was charged with committing a felony and that he pleaded guilty thereto in open court. (*People* v. *Henderson,* 121 Cal.App.2d 298, 299-300 [262 P.2d 871].)

■ There is no merit to the appellant's second contention to the effect that the information does not state facts sufficient to constitute an offense under Vehicle Code, section 503. The information set forth, among other things, the following:

". . . Johnnie Lewis Williams is accused by the District Attorney of and for the County of Los Angeles, State of California, by this information, of the crime of VIOLATION OF SECTION 503, Vehicle Code, a felony, committed as follows: That the said

"JOHNNIE LEWIS WILLIAMS

on or about the 22nd day of September, 1958, at and in the County of Los Angeles, State of California, did willfully, unlawfully and feloniously drive and take a certain vehicle, to wit, an automobile, then and there the personal property of William J. James without the consent of and with intent to deprive the said owner. William J. James"

Vehicle Code, section 503, reads in part as follows:

"Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent to either premanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same, or any person who is a party or accessory to or an accomplice in any such driving or unauthorized taking or stealing is guilty of a felony, . . . ."

Penal Code, section 952, provides:

"In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. It may be in the words

of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. In charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another.''

■ This court, speaking through Mr. Presiding Justice White, said in *People* v. *Barry,* 153 Cal.App.2d 193, at page 202 [314 P.2d 531]:

''A further answer may be made to appellant's attack upon the sufficiency of the information by the oft repeated statement that the purpose of an indictment or information is simply to inform the accused of the charge which he must meet at the trial (Pen. Code, § 952). In *People* v. *Curtis,* 36 Cal.App.2d 306, 317 [98 P.2d 228] . . ., this court stated: 'As was said in *People* v. *Beesly,* 119 Cal.App. 82 [6 P.2d 114, 970] . . .: ''There, in a nutshell, is stated the principle of our present simplified form of pleading a criminal offense—the accused is entitled to notice of the offense of which he is charged but not to the particular circumstances thereof, . . .'' Where this information came solely from the indictment, as at common law, more particularity was required, but under our system, the law now provides, as part of the accusatory procedure, that in every criminal case the accused is entitled to a transcript of the testimony given before the grand jury or the committing magistrate, as the case may be . . . .' ''

See also *People* v. *Randazzo,* 48 Cal.2d 484, at page 489 [310 P.2d 413], where it is said:

''An information is sufficient if it charges the defendant with the commission of a public offense in words sufficient to give him notice of the offense of which he is accused. (*People* v. *Roberts,* 40 Cal.2d 483, 486-487 [254 P.2d 501] . . .; Pen. Code, § 952.) ■ Only the essential elements of the offense need be charged. (Citing case.) Notice of the particular manner, means, place or circumstances of the offense is given, not by detailed pleading, but by the transcript of the evidence before the committing magistrate. (Citing case.) ''

■ A reading of the charges convinces us that the defendant was sufficiently informed of the offense and the circumstances to enable him to plead. Further, he did not demur, and he made no contention in the lower court that he did not understand the charged offense or that he could not intelligently plead thereon.

The judgment is affirmed.

White, P. J., and Lillie, J., concurred.