[Civ. No. 10368. Third Dist. Mar. 30, 1962.]

DONALD W. FLEISCHER, Plaintiff and Appellant, v.
ADULT AUTHORITY, Defendant and Respondent.

Donald W. Fleischer, in pro. per., for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Assistant Attorney General, for Defendant and Respondent.

SCHOTTKY, J.—This is an appeal from an order of the superior court denying appellant's petition for a writ of prohibition.

Appellant while an inmate at Folsom State Prison filed a petition for a writ of prohibition seeking a court hearing to review the actions taken by the Adult Authority.

Appellant designated six causes of action in his petition: (1) that the Adult Authority functions in an unconstitutional manner in that it solicits secret indictments and informations and tries defendants without their knowledge; (2) that the Legislature has unconstitutionally taken the fixing of sentences from the courts and delegated it to the Adult Authority.; (3) that on June 14, 1960, while appellant was on parole, the Adult Authority wrongfully and unconstitutionally increased his sentence from five years to six years, and on September 30, 1960, revoked appellant's parole and remanded him to prison on a void commitment; (4) that on January 18, 1961,

the Adult Authority wrongfully and unconstitutionally and without a new offense having been committed raised appellant's sentence; (5) that the Adult Authority wrongfully and unconstitutionally refused to grant appellant a rehearing; and (6) that the Adult Authority unconstitutionally renumbered his term after appellant was remanded to prison after the revocation of his parole.

The superior court denied the petition without a hearing or opinion.

Appellant makes the following contentions:

1. "It was constitutional error for the Adult Authority to determine facts without the presence of the defendant or counsel.

2. "It was constitutional error for an administrative board to raise a fixed sentence after it had been served or partly served.

3. "It was error for the Adult Authority not to proceed in the manner provided by law.

4. "It was constitutional error for the trial court to sentence the defendant to prison on said misdemeanor.

5. "It was constitutional error for the trial court to sentence one to prison without the finality of a judgment."

There is no merit in any of appellant's contentions.

■ Our appellate courts have held that the statutes dealing with the indeterminate sentence law (Pen. Code, §§ 1168, 3020, 3021) do not infringe or violate the requirements of due process or equal protection. (See *In re Larsen,* 44 Cal.2d 642, 648 [283 P.2d 1043], appeal dismissed, 350 U.S. 928 [76 S.Ct. 312, 100 L.Ed. 811]; *In re Lee,* 177 Cal. 690, 692 [171 P. 958]; *People* v. *Kostal,* 159 Cal.App.2d 444, 451-453 [323 P.2d 1020]; *People* v. *Leiva,* 134 Cal.App.2d 100, 103 [285 P.2d 46].)

■ The portion of the statute prohibiting the court from imposing a specific term within the minimum and maximum punishment imposed by the statute for the particular offense is not unconstitutional as conferring judicial powers on a nonjudicial body. (*People* v. *Kostal, supra.*)

■ The determination of the term of imprisonment within the maximum by the Adult Authority does not constitute a judicial act. (*Duffy* v. *Wells,* 201 F.2d 503, 506.) Thus, the speedy trial clause is not applicable to the fixing or redetermination of the term of imprisonment. ■ Further, the indeterminate sentence law is not ex post facto as to offenses committed after its enactment, since the law applied

was that in force at the time the violation occurred. (*In re Etie*, 27 Cal.2d 753 [167 P.2d 203].)

The court in *People* v. *Ray*, 181 Cal.App.2d 64 [5 Cal.Rptr. 113], at page 68, succinctly stated the rule: "Appellant vehemently attacks the constitutionality of the indeterminate sentence system and the Adult Authority, but this has long been established."

It also has been recognized and upheld that the length of the term of imprisonment and rights to parole are subject to redetermination from time to time during the maximum term of imprisonment. (*In re McLain*, 55 Cal.2d 78 [9 Cal.Rptr. 824, 357 P.2d 1080]; *In re Mills*, 55 Cal.2d 646 [12 Cal.Rptr. 483, 361 P.2d 15]; *People* v. *Leiva, supra*, 134 Cal.App.2d 100.)

Appellant's contention that he was entitled to notice and hearing before the Adult Authority could redetermine his sentence is devoid of merit. The Supreme Court in *In re McLain, supra*, stated at page 84: ". . . There certainly is no statute requiring the Authority to grant . . . notice or hearing upon a redetermination of sentence. . . . Section 3020 is now the key section in reference to the determination and redetermination of sentence. It eliminated the necessity for notice and a hearing [citations]. Section 3060 of the Penal Code was enacted as part of the same reform. It provides that the Authority shall have power 'to suspend, cancel or revoke any parole without notice.' . . ."

The court further pointed out that the absence of a requirement for notice and a hearing does not violate due process because such was given in the proceedings which resulted in the original trial.

Appellant's petition fails to allege any facts disclosing that the Adult Authority abused its discretion in its actions. The court in *Azeria* v. *California Adult Authority*, 193 Cal. App.2d 1 [13 Cal.Rptr. 839], stated at page 5, ". . . The discretion lodged in the Authority is so broad that it is seldom that a case can be made out that would show an abuse of that discretion."

In addition to the foregoing, an additional ground for affirming the order denying the petition for a writ of prohibition is that the writ of prohibition arrests the proceedings of any tribunal, corporation, board, or person exercising judicial functions, when such proceedings are without or in excess of jurisdiction (Code Civ. Proc., § 1102), and the

Adult Authority in administering the indeterminate sentence law exercises an administrative function, not a judicial one. (*In re Lee, supra,* 177 Cal. 690, 693.) Since it does not exercise a judicial function, a writ of prohibition may not issue against it.

The order denying the petition for a writ of prohibition is affirmed.

Peek, P. J., and Pierce, J., concurred.