[Crim. No. 7859.   Second Dist., Div. One.   May 8, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. HAYES BOYD,
Defendant and Appellant.

Hayes Boyd, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—In an indictment the defendant was accused, in two counts, of unlawfully selling marijuana. He admitted an allegation of the indictment that he had been convicted previously of violating section 11500 of the Health and Safety Code, a misdemeanor. In a jury trial he was found guilty on both counts. He was sentenced to state prison for the term prescribed by law, with the direction that the sentences on the two counts run concurrently.

After the conviction in the prior case, the proceedings were suspended and probation was granted. After the indictment herein was returned, the defendant was charged with violating probation (in the prior case, No. 201734). This charge was heard in connection with the indictment accusations. Probation was revoked. Defendant was sentenced, upon the two counts therein, to state prison for the term prescribed by law, with the direction that the two sentences therein run concurrently.

It was ordered that the two concurrent sentences in the present case should run consecutively to the two concurrent sentences in the prior case.

It will be assumed that the appeal is from both judgments.

The questions on appeal with respect to the prior case relate to the judgment which was rendered upon revocation of probation.

The appeal with respect to the present case will be considered first (Superior Court case No. 239350).

Officer Calhoun had been at Jack's Tavern in Los Angeles once or twice a week from October to December 1960, and on most of those occasions he had seen the defendant there. On December 6, 1960, about 6:30 p. m., while the officer was outside the tavern, the defendant and a man (who was unknown to the officer) went to the officer. The man said to defendant: "He's all right, I know him." Then the man went into the tavern. The officer told defendant that he wanted some stuff. Defendant asked if he had the change. The officer replied in the affirmative, and said that he wanted one joint. They walked into a passageway between two buildings where defendant searched in the grass and found a wad of brown paper from which he took one brown cigarette. Defendant handed the cigarette to the officer who paid him 50 cents. The officer delivered the cigarette to the property division of the police station. In the "narcotics world," according to the officer's testimony, the word "stuff" meant marijuana, and the word "joint" meant a marijuana cigarette.

On December 13, 1960, about 5:30 p. m., while Officer Calhoun and the defendant were in Jack's Tavern, the officer asked the defendant whether he (defendant) could get anything for the officer. Defendant replied in the affirmative, and asked for the money. The officer asked where defendant would have to go. He replied that he would go around the corner to a café. The officer, after stating that he wanted four joints, handed $2.00 to defendant and told him to bring the joints to the officer's car (which was in front of the café). About five minutes thereafter, the defendant went to the car and handed four brown cigarettes to the officer. The officer delivered the cigarettes to the property division of the police station.

Officer Calhoun also testified that a day or two after he made the second purchase, he looked at pictures in the "mug books" at the narcotic office, and he saw defendant's picture there. Defendant's name was "with the picture."

It was established that the cigarettes contained marijuana.

Defendant testified: That during the month of December 1960 he was employed at a "car-wash" in Montebello. He was not at Jack's Tavern on December 6, 1960, at 6:30 p. m., or on December 13, 1960, at 5:30 p. m. At those times he was at the car-wash. The first time he saw Officer Calhoun was

at the police station on February 17, 1961, the day defendant was arrested. He never sold or gave any marijuana to Officer Calhoun.

Appellant asserts that the judgment should be reversed because he was not arraigned within two days after his arrest, as prescribed by section 825 of the Penal Code. He was arraigned on the indictment on February 24, 1961. The only evidence in the record regarding the time of the arrest is defendant's testimony that he first saw Officer Calhoun on February 17, 1961, when defendant was arrested. Said section provides that a defendant must be taken before a magistrate without unnecessary delay and within two days after his arrest, excluding Sundays and holidays. The record does not show whether defendant was taken before a magistrate. The arraignment herein on February 24 was an arraignment on the indictment under the provisions of section 976 of the Penal Code,[1] which does not fix a time within which such an arraignment must take place. (*People* v. *Newell*, 192 Cal. 659, 669 [221 P. 622].) It does not appear that this asserted point, regarding arraignment, was presented in the trial court. ██ "[D]efendant cannot claim for the first time on appeal, as he attempts here, that he was not seasonably brought before a magistrate." (*People* v. *Wein*, 50 Cal.2d 383, 411 [326 P.2d 457].) Furthermore, it does not appear, and defendant does not assert, that he was prejudiced by any alleged delay in arraigning him. ██ A failure to observe the provisions of section 825 of the Penal Code does not require a reversal unless it resulted in an unfair trial. (*People* v. *Price*, 172 Cal.App.2d 776, 780-781 [342 P.2d 437].) This contention regarding arraignment is not sustainable.

Appellant asserts further that the judgment should be reversed because he was not brought to trial within the time specified in section 1382 of the Penal Code. That section provides in part that the court, unless good cause to the contrary is shown, must dismiss the action when a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment. The indictment was found on February 17, 1961. Defendant's plea was made on March 2, 1961, and the trial was set for April 27, 1961. On said last mentioned date, the trial date was continued to May 12,

---

[1]Section 976 of the Penal Code provides: "When the accusatory pleading is filed, the defendant must be arraigned thereon before the court in which it is filed, unless the action is transferred to some other court for trial."

1961, due to a congested calendar. The trial was commenced on said May 12 and was concluded on May 15. At the time of the arraignment and thereafter, the defendant was represented by a deputy public defender. No objection was made to the first trial date or to the date to which the trial was continued. ██ The objection that defendant was not brought to trial within the time specified in said section 1382 cannot be raised for the first time on appeal. (*In re Anderson,* 134 Cal.App.2d 552 [285 P.2d 690] ; see *People* v. *Contrerai,* 172 Cal.App.2d 369 [341 P.2d 849].) This contention regarding the trial date is not sustainable.

Appellant asserts that he was not represented adequately by counsel. In this connection he argues that a deputy public defender could not adequately represent him and twenty other persons at the time of arraignment; that the deputy should have objected to the trial dates and to the officer's testimony regarding a photograph of defendant; and that the deputy should have argued the motion for a new trial (instead of submitting the motion without argument). It does not appear that defendant raised any question in the trial court relative to alleged inadequate representation by counsel. ██ If defendant believed that he was not adequately represented by counsel, he should have referred to the matter at the trial and given the trial court an opportunity to consider it. (*People* v. *Youders,* 96 Cal.App.2d 562, 569 [215 P.2d 743].) The record does not show that the deputy's representation of the defendant at the arraignment and setting of the dates of trial was not in the best interests of defendant. The officer's testimony regarding the photograph of defendant was admissible as a foundation for introducing the photograph in evidence. ██ It cannot be said that the deputy's decision to submit the motion for a new trial without argument was not proper representation of defendant. It appears that defendant was adequately represented by the public defender.

The evidence was sufficient to support the verdict and judgment in the present case (No. 239350).

██ With respect to revoking probation in the prior case (No. 201734), it appears that defendant was convicted on June 25, 1958, on two counts of violating section 11500 of the Health and Safety Code; and that proceedings therein were suspended and probation for four years was granted, upon the conditions, among others, that defendant serve one year in the county jail and that he not possess narcotics during the probationary period. By reason of the evidence in the present

case (No. 239350) there were sufficient grounds for revoking probation in the prior case.

Appellant contends further that the sentences in the two cases were invalid. His argument is: (1) Upon revocation of probation in the prior case (No. 201734), the court should not have sentenced him to prison for the term prescribed by law. (2) In the present case (No. 239350) he should not have been sentenced as a person who had been convicted previously of a narcotic offense, because there was no "final judgment" in the prior case until the day judgment was rendered in the present case (in which the prior conviction was alleged). (3) In the present case he should not have been charged under section 11531 of the Health and Safety Code because that section had not become effective when the charge was made. (4) The sentences in the two cases should not have been directed as consecutive sentences because consecutive life sentences cannot be imposed.

When probation was revoked in the prior case, it was the duty of the court to pronounce judgment. ■■■ The court was not required, as contended by defendant, to allow a credit on the sentence for the year which defendant served in the county jail under the terms of probation. (See *In re Larsen,* 44 Cal.2d 642, 646 [283 P.2d 1043]. The court did not err in sentencing defendant to the term prescribed by law in the prior case.

In the prior case, proceedings had been suspended and probation was granted. Defendant was a person who had been previously convicted. (See *People* v. *Banks,* 53 Cal.2d 370, 386, 391 [348 P.2d 102].)

Section 11531 of the Health and Safety Code became effective on June 23, 1959. The offenses alleged in the present case occurred in December 1960, and judgment herein was rendered on June 7, 1961. Defendant is in error in asserting that said section was not in effect when the charge herein was made.

■■■ The court did not err in sentencing defendant to consecutive terms. The term prescribed by law, under the conviction in the prior case, is "from five years to life." The term prescribed by law for a violation of said section 11531, is "from ten years to life." Under section 669 of the Penal Code the court may direct that sentences shall run consecutively, "provided, however, if the punishment for any of said crimes *is expressly prescribed to be life imprisonment,* whether with or without possibility of parole, then the terms of imprison-

ment on the other convictions, whether prior or subsequent, shall be merged and run concurrently with such life term.'' (Italics added.) The punishment for the offenses, charged in the two cases here involved, is not expressly prescribed to be life imprisonment. (See *People* v. *Rivas,* 85 Cal.App.2d 540, 542 [193 P.2d 151].)

The judgments are affirmed.

Fourt, J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 3, 1962.