[Crim. No. 8807. Second Dist., Div. One. Dec. 3, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. LOUIS HAY-
WARD WHITE, Defendant and Appellant.

Hugh R. Manes, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Lawrence R. Tapper, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was charged with possession of marijuana (No. 259191), sale of heroin and marijuana (counts III and IV, No. 258838) and two prior felony convictions (Dyer Act and burglary and larceny). On arraignment and plea he was represented by two separate deputy public defenders. He appeared for trial on July 17, 1962, with a third deputy, K. Watanabe, and denied the priors; he joined his codefendant in a request for continuance and waived time, but when the court denied his motion to dismiss Watanabe as his counsel defendant refused to comply with his prior waiver and declined to waive the statutory time. Thus, the court ordered severance from the codefendant and continued defendant's trial to July 20, 1962. On that day, to accommodate defendant who did not want Watanabe to try the case, the court transferred the case for trial to another department where a fourth deputy, C. Boags, was appointed. He moved for a continuance for time in which to prepare a defense; defendant waived time and, at counsel's request, was permitted to use the facilities of the law library. On August 13, 1962, defendant appeared for trial with deputy Boags; he waived trial by jury and submitted the matter on the transcript of the grand jury proceedings. Defendant re-

fused to testify. After argument defendant was acquitted in case No. 259181; the court found him guilty of selling heroin and marijuana and the allegations of the two prior convictions to be true, in No. 258838. He was sentenced to the state prison on both counts, the terms to run consecutively. He appeals from the judgment.

The undisputed evidence shows two narcotic sales by defendant. On May 3, 1962, around 5 p.m. Willis, an undercover narcotics officer, and his partner met codefendant Scott. Willis wanted a "spoon," but Scott had none to sell so they waited for Scott's "connection." Soon defendant appeared and was introduced to Willis by Scott; defendant removed a small package containing heroin from his coin purse and handed it to Willis saying, "Check"; Willis looked into the package and said: "It's o.k." and handed defendant $5.00. Defendant gave the officer his telephone number in the event he should "need more." On May 7, around 3:10 p.m. Willis called defendant and asked him if he "had any stuff"; defendant replied that he had and suggested they meet in 15 minutes. For $7.50 Willis purchased "a half can of weed" from defendant who gave him a wax paper package containing marijuana.

Three main issues are presented by counsel—defendant was deprived of the effective assistance of counsel; he was denied a speedy trial; and the evidence is insufficient to support the finding that previously he had been convicted of two felonies. At defendant's request, counsel also offers ten other matters; these points, chiefly without argument or citation of authority, are wholly unsupported by the record.

 Appellant claims he was deprived of effective assistance of counsel because four separate deputy public defenders represented him at various stages of the proceedings, and his last counsel "simply lost interest," submitted the matter on the grand jury transcript, and offered only a "perfunctory" defense, no evidence, no argument on the merits and no statement in mitigation at time of sentence.

 "When a defendant asserts that his constitutional right to adequate representation of counsel has been violated, the burden of sustaining the allegation rests upon him. (*People* v. *Robillard*, 55 Cal.2d 88, 97 [8] [10 Cal.Rptr. 167, 358 P.2d 295].)" (*People* v. *Downer*, 57 Cal.2d 800, 813 [22 Cal.Rptr. 347, 372 P.2d 107].) While defendant was represented by a series of deputies, that fact "does not in any way indicate lack of proper representation" (*People* v.

*Fuller,* 188 Cal.App.2d 466, 470 [10 Cal.Rptr. 420] ; *People* v. *Martinez,* 145 Cal.App.2d 361 [302 P.2d 643]), particularly where, as here, only one deputy tried the case and the same one represented defendant at the time of sentence. Moreover, the last change, to the deputy who tried the case, was made before trial at defendant's own request—after he had objected to the third deputy the court effectuated defendant's expressed desire to change lawyers by transferring the case to another department for trial where a fourth deputy was assigned; and the judge there properly granted his request for a continuance to permit him time in which to prepare a defense. The record shows that beyond this, no request for continuance was made by or on behalf of defendant, and at no time thereafter did defendant ever complain to the trial court that he was not being adequately represented. Indeed, it is unlikely that during or after trial he was really dissatisfied with his counsel for he at no time brought it to the attention of the judge, as he had on previous occasions; had defendant believed he was not being adequately represented he should have, and in view of the record probably would have, referred the matter to the trial court for its consideration. (*People* v. *Boyd,* 203 Cal.App.2d 348 [21 Cal. Rptr. 444] ; *People* v. *Youders,* 96 Cal.App.2d 562 [215 P.2d 743].)

■ It does not appear that the trial was reduced to a sham or farce because the matter was submitted on the transcript of the grand jury proceedings (*People* v. *Allen,* 195 Cal.App.2d 336 [15 Cal.Rptr. 713] ; *People* v. *Comstock,* 147 Cal.App.2d 287 [305 P.2d 228]) ; or that the defense was "perfunctory" because counsel did not impeach the prosecution witness or object to the introduction of evidence. (*People* v. *Baker,* 183 Cal.App.2d 615 [7 Cal.Rptr. 22].) As to defendant's failure to take the stand, it was not only voluntary but obviously the result of a prior considered decision made by him and his counsel; even so, counsel in open court again asked defendant in each case if he desired to testify and both times he answered "no." That counsel saw fit to submit the case to the judge without argument is no evidence of inadequate representation, particularly where he argued the companion case (No. 259181) and through his diligence and competence won an acquittal for defendant. (*People* v. *Mitman,* 184 Cal.App.2d 685 [7 Cal.Rptr. 712].) After reading the transcript we can understand why counsel preferred not to argue the instant case, for the evidence of guilt is

undisputed and overwhelmingly clear, and no legal issue was presented. As to counsel's failure to present matters in mitigation at the time of sentence, there may well have been nothing to offer—the judge had heard the evidence, which harbored no doubt that defendant was a narcotics peddler, and proof of his two previous felony convictions; and he had before him the full probation report, including his prior record.

If defendant now claims prejudice as a result of his voluntary refusal to testify or his counsel's failure to argue the matter or make a plea in mitigation, he has offered nothing to show what, if anything, by way of evidence, argument or facts in his favor he or his counsel could have presented. As in *People* v. *Dotson*, 46 Cal.2d 891 [299 P.2d 875], a review of the record affirmatively shows that the evidence of defendant's guilt was overwhelming and that his counsel conducted the defense against the charges as well as could reasonbably have been expected; and there is no showing of lack of preparation or of insufficient time in which to prepare, or that defendant was not at all times adequately represented, or even that he was at any time dissatisfied with his counsel. Moreover, having had considerable prior experience with court proceedings and lacking timidity in voicing his objections in the past, it is clear that defendant not only understood, but actually assented to, the matters of which he now complains.

■ Appellant says he was denied a speedy trial—that he was not tried within 60 days after the return of the indictment (Pen. Code, § 1382) and that his consent to waiver of time on July 20 cannot "under the circumstances" be deemed voluntary because he "had no alternative but to acquiesce in a motion for continuance in order to afford his new attorney the opportunity to prepare for trial." (A.O.B., p. 12.)

The trial was set for July 20, 1962—within the 60-day period. On that day, at his new counsel's request, a continuance was granted to August 13, 1962; defendant expressly waived the statutory time (minute order, July 20, 1962). The case was tried on August 13, 1962—the 82d day. Defendant's contention that he was forced to accept the continuance is wholly without substance. The fact is, defendant himself was responsible for the delay. When the case was called for trial on July 20, because of his objection to the third deputy, the court, even though defendant was not entitled to the services

of any particular public defender (*People* v. *Stroble,* 36 Cal. 2d 615 [226 P.2d 330]; *People* v. *DeLosa,* 184 Cal.App.2d 681; *People* v. *Howard,* 150 Cal.App.2d 428 [310 P.2d 120]), permitted a change to "his new lawyer" by transferring the case to another department for trial. No lawyer could be expected to afford adequate representation to a client he has just seen for the first time. Had he not asked for the continuance to give him sufficient time in which to prepare the case for trial, or had the court denied his request, defendant might be in a better position to complain. Defendant's "new lawyer" was assigned to him as the result of his expressed dissatisfaction with his counsel, and defendant himself set in motion the events which made the continuance necessary. Not only was the trial set beyond the 60-day period on defendant's behalf at the request of his own counsel and with defendant's obvious consent (Pen. Code, § 1382), but the delay was to enable defendant's new counsel to adequately prepare for trial, defendant expressly waived the statutory time (he obviously knew what he was doing, having previously [July 17] refused to waive time) and no objection was made in the lower court to the continuance or to the date of trial. (*People* v. *Mitman,* 184 Cal.App.2d 685 [7 Cal.Rptr. 712].) ▮ "The objection that defendant was not brought to trial within the time specified in said section 1382 cannot be raised for the first time on appeal. (*In re Anderson,* 134 Cal.App.2d 552 [285 P.2d 690]; see *People* v. *Contrerai,* 172 Cal.App.2d 369 [341 P.2d 849].)" (*People* v. *Boyd,* 203 Cal.App.2d 348, 352 [21 Cal.Rptr. 444].)

▮ Appellant's last contention—that the record fails to support the finding on the prior felony convictions—based on a technical failure to offer in evidence the documents proving the priors—is wholly without merit.

In this connection, minute order of August 13, 1962, recites: "Per stipulation of counsel, People's Exhibit 1 (certified records) are admitted into evidence"; and Exhibit 1 physically bears the mark of having been so received. The transcript reveals the following colloquy at the end of the trial: "Mr. Fletcher (deputy district attorney): I have some documents pertaining to Mr. Louis Hayward White. May I mark them People's 1 for Identification, show them to counsel, and ask that they be received into evidence? Mr. Boags (deputy public defender): I have seen them already. Mr. Fletcher: With regard to the priors. May we mark these for Identification? ... The Court: They will be marked as Peo-

ple's 1, for Identification.'' Mr. Fletcher then asked that further proceedings on the priors go over to the date of probation and sentence; accordingly, they were continued to September 12, 1962, at which time defense counsel, first to address the court, said: ''In the matter, Your Honor, I have read the priors, and we will submit the matters to the court.'' The certified records relative to the prior convictions (Ex. 1) having been submitted to the court were considered by it; they support the finding that the allegations are true. (Pen. Code, § 969b.)

It is obvious that the records which make up People's Exhibit 1 were intended by both counsel to be received in evidence; the documents were physically in the courtroom; they were read and studied by defense counsel who raised no objection when the intention to offer them in evidence was stated; both counsel at all times treated them as having been received, thereon submitting the issue of the priors; the court read and considered them as part of the evidence; the clerk marked them accordingly; and the minutes recite they were so received. The failure of the deputy district attorney to formally offer them in evidence was clearly inadvertent; and, inasmuch as the documents (Ex. 1) prove the prior felony convictions, we do not consider the technical oversight sufficient to disregard them in determining if the proof sustains the findings on the issue of priors.

Counsel has failed to support his remaining points by argument or citations from the record; nevertheless, we have considered them and found them to be without substance. The record fails to sustain his contention that upon arraignment the court failed to read aloud and deliver to defendant a copy of the indictment (Pen. Code, § 988) and overcome the presumption that an official duty was regularly performed. (*People* v. *Williams,* 171 Cal.App.2d 267 [340 P.2d 294].) Concerning his last point, that the two terms were ordered to run consecutively in violation of section 669, Penal Code, we find that the two sentences of ''five years to life'' do not fall within the proscription of the statute. (*People* v. *Collins,* 99 Cal.App.2d 780 [222 P.2d 686].)

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.