[Crim. No. 11588.    Second Dist., Div. One.    June 5, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. SALVADORE ANTHONY MESA, Defendant and Appellant.

Salvadore Anthony Mesa, in pro. per., and T. Conrad Judd, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Stanton Price, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of committing a lewd and lascivious act upon the body of a female child. (Pen. Code, § 288.)

In an information filed in Los Angeles County on April 28, 1965, defendant, with his codefendant Billy Joe Pack, was charged in count I with murdering Glenda Johnson on March 17, 1965; in count II with false imprisonment; and in count III with a violation of the provisions of section 288, Penal Code, on March 15, 1965, upon the body of Glenda Johnson. It is further alleged that at the time of the commission of the offense mentioned in count III, Mesa was armed with a deadly weapon, namely, a revolver; that Mesa previously had been convicted of robbery in 1952 and had served a term in prison therefor; that he had been convicted of a narcotics offense in 1956 and had served a term in prison therefor. Mesa pleaded not guilty to each of the offenses charged and admitted the alleged convictions. The cause proceeded to trial with a jury on July 16, 1965; further trial was had on July 19 and July 20, 1965. On July 21, 1965, Mesa, personally, and with his then counsel withdrew his plea of not guilty and pleaded guilty to the charges set forth in count III of the information. Proceedings were then suspended. Mesa was examined to ascertain whether he was a mentally disordered sex offender. On August 11, 1965, Mesa's application for probation was denied; he was found not to be a mentally disordered sex offender and he was sentenced to the state prison. Counts I and II were dismissed upon motion of the prosecution.

Mesa filed a timely notice of appeal.

■ Appellant now asserts that the plea of guilty was obtained by improper pressure being applied to him. The record belies any such contention. It is clear from the transcript of the proceedings having to do with the change of plea that appellant knew exactly what he was doing and did so on his own accord and because he was guilty as charged.

■ Appellant next argues that the penalty for a violation of section 288 of the Penal Code is too broad and, as such, constitutes an improper delegation of legislative or judicial authority to the executive authority (the Adult Authority). It is appropriately stated in *In re Larsen,* 44 Cal.2d 642, 647 [283 P.2d 1043], "The pronouncing of sentence is a judicial act. The punishment which the sentence pronounces comes from the law itself and is established or provided for by the Legislature. The act does not confer upon the Adult Authority the right to determine the punishment that any given crime shall bear." (See also *Fleischer* v. *Adult Authority,* 202 Cal.App.2d 44, 46 [20 Cal.Rptr. 603].)

There is no merit to any of appellant's contentions.
The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 26, 1967.